## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE MILTON S. HERSHEY MEDICAL CENTER,** | : | **CIVIL ACTION NO. 1:07-CV-0539** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY GRINNAGE, et al.,** | : | |
| | : | |
| **Defendants/Third-Party Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH J. SALOMEWICZ, in his capacity as Administrator for the Central Pennsylvania Teamsters Health and Welfare Fund,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Third-Party Defendant** | : | |

## MEMORANDUM

Presently before the court is a motion to remand in which plaintiff, the

Milton S. Hershey Medical Center ("Medical Center"), asserts that third-party

defendant Joseph J. Samolewicz ("Samolewicz"), as Administrator for the Central

Pennsylvania Teamsters Health and Welfare Fund (the "Fund"), improperly

removed the above-captioned action, commenced originally in a Pennsylvania state

court. (Doc. 4.) The Medical Center contends that the Fund is not a "defendant"

within the meaning of the removal statute, and, alternatively, that the Fund failed to

raise a separate and independent claim pursuant to 28 U.S.C. § 1441(c). (Id.) The

Fund counters that the joinder complaint against it should not be remanded to state

court because the claims are separate and independent from the Medical Center's

claims in the original complaint.  (Doc. 7.)  The Fund also asserts that the original

defendants' joinder claims are governed by the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. §§ 1001-1401, thus permitting removal to this

court.  (Doc. 6 ¶ 4.)  The question presented is whether a third-party defendant may

remove the above-captioned case to federal court pursuant to 28 U.S.C. § 1441 or

pursuant to the provisions of ERISA.  For the reasons that follow, the court finds

that it may not and will grant the Medical Center's motion to remand to state court.

I.    **Factual Background**

On September 15, 2003, Donna Grinnage was in a motor vehicle accident

resulting in serious bodily injury.  (Doc. 1-2, Ex. B ¶ 3.)  She received treatment at

the Medical Center for injuries sustained in the accident.  (Doc. 1-2, Ex. B ¶ 5; Doc. 4

¶ 6.)  On August 14, 2004, Donna Grinnage and her husband Jeffrey ("Grinnages")

filed a civil action, currently pending in the Court of Common Pleas of Lebanon

County, pertaining to the motor vehicle accident against defendants who are not

parties to the present matter.  (Doc. 1-2, Ex. B ¶ 7.)

On November 13, 2006, the Medical Center filed a civil action against the

Grinnages in the Lebanon County Court of Common Pleas for failure to pay

medical bills.  (Doc. 4 at 3.)  The Medical Center seeks payment of medical bills in

the amount of $233,112.54, plus interest and costs.  (Doc. 1-2, Ex. B ¶ 12.)  The

Grinnages subsequently filed a Joinder Complaint against third-party defendant

Samolewicz, in his official capacity as Administrator of the Fund.  (Doc. 1-2, Exs. A,

B; Doc. 4 ¶ 3; Doc. 6 ¶ 3.)  The Grinnages allege that the Fund breached its

contractual duty by failing to provide benefits and failing to pay medical bills on behalf of Donna Grinnage. (Doc. 1-2, Ex. B ¶¶ 14-16; Doc. 4 ¶ 7; Doc. 6 ¶ 7.) The Grinnages further allege that the Fund's conduct in this matter constitutes bad faith. (Doc. 1-2, Ex. B ¶¶ 18-23; Doc 6 ¶ 7.) The Fund counters that the Grinnages failed to comply with several provisions of the Fund's plan and did not exhaust administrative remedies. (Doc. 2 at 15; Doc. 2 ¶¶ 50-51.)

On January 31, 2007, the Fund removed the case from the Lebanon County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, asserting that the Grinnages' claims were preempted by ERISA and thus subject to removal under federal law.[1] (Doc. 1-2; Doc. 4 ¶ 4.) The case was subsequently transferred to the United States District Court for the Middle District of Pennsylvania.[2] (Doc. 4 at 3.) The Fund filed a motion to dismiss on February 5, 2007.[3] (Doc. 2.) On March 2, 2007, the Medical Center filed the instant motion to remand to state court. (Doc. 4.) The Grinnages concur in the Medical Center's

---

[1] According to the notice of removal, "[r]emoval is proper here because the Grinnage's claim to enforce their rights under the Fund's plan falls squarely within Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and such a claim is completely preempted by ERISA." (Doc. 1-2 ¶ 13.)

[2] The order of court dated April 18, 2007 (Doc. 11) stayed proceedings with respect to the Medical Center's claims against the Grinnages because the Grinnages filed a petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania. This order does not affect the instant motion because a bankruptcy petition filed by one party does not stay proceedings as to all parties. See Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1991).

[3] Briefing on the motion to dismiss has been stayed pending the resolution of the instant motion to remand. (See Doc. 9.)

motion to remand.  (Doc. 7 at 3.)  The motion to remand has been fully briefed and is now ripe for disposition.

## II.   Discussion

Removal serves as a procedural method by which defendants, brought before a state tribunal on claims otherwise within the scope of federal jurisdiction, may compel transfer of the case to federal court.  See 28 U.S.C. § 1441(a); Allbritton Communications Co. v. NLRB, 766 F.2d 812, 820 (3d Cir. 1985).  A plaintiff may challenge removal through a motion to remand.  See 28 U.S.C. § 1447(c).  The question for the court presented with a motion to remand is whether the case was removable as pending in the state court.  See id. §§ 1441(a), 1446; see also United States Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

### A.   Removal by a Third-Party Defendant

As a threshold matter, the court must assess whether the Fund, as a third-party defendant, properly removed the case to federal court pursuant to 28 U.S.C.

§ 1441(a)[4] or § 1441(c).[5]  The Third Circuit has not directly addressed the ability of third-party defendants to remove a case from state to federal court.[6]  See Cook v. Wikler, 320 F.3d 431, 436 n.6 (3d Cir. 2003) ("This Circuit has never addressed the question [of whether third-party defendants may remove a case under § 1441] . . . ."); Roxbury Condominium Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003) ("The Third Circuit has not yet decided . . . whether a third-party defendant may properly remove under § 1441(c).").  An overwhelming majority of

---

[4]  28 U.S.C. § 1441(a) provides the general circumstances under which a defendant may remove a case from state to federal court:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

[5]  28 U.S.C. § 1441(c) provides that an entire case may be removed to federal court where a federal claim is included in an otherwise nonremovable cause of action:

> Whenever a *separate and independent claim or cause of action* within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

[6]  In discussing the issue of third-party removal, my colleague Judge Rambo observed: "Courts are irreconcilably divided on the instant issue; as one judge has announced, 'it is not an exaggeration to say at least on the surface the field luxuriates in a riotous uncertainty.'"  Sterling Homes, Inc. v. Swope, 816 F. Supp. 319, 320 (M.D. Pa. 1993) (quoting Harper v. Sonnabend, 182 F. Supp. 594, 595 (S.D.N.Y. 1960)).

federal courts, including the Middle District of Pennsylvania, however, have held

that third-party defendants may not remove state actions to federal court pursuant

to 28 U.S.C. § 1441(a) because third-party defendants are not "defendants" within

the meaning of the statute.  See Sterling Homes, Inc. v. Swope, 816 F. Supp. 319,

326 (M.D. Pa. 1993) ("[C]ase law has firmly established that § 1441(a) precludes

removal by third party defendants."); FirstBank Puerto Rico v. Gittens, 466 F.

Supp. 2d 614, 620 (D.V.I. 2006) ("[T]his Court is convinced that section 1441(a) . . . is

unambiguous in limiting removal to the [original] defendant."); Share v. Sears,

Roebuck & Co., 550 F. Supp. 1107, 1108 (E.D. Pa. 1982) ("[Plaintiff] is on firm

ground in arguing that a third-party defendant is not a 'defendant' within the

meaning of § 1441(a) and hence had no standing to initiate removal of this case from

Common Pleas to this court."); see also First Nat'l Bank of Pulaski v. Curry, 301

F.3d 456, 462 (6th Cir. 2002) ("We hold that third-party defendants are not

'defendants' for purposes of § 1441(a)."); Sabo v. Dennis Technologies, LLC, No. 07-

CV-283-DRH, 2007 WL 1958591, at *4 (S.D. Ill. July 2, 2007) ("It is well established

that . . . the class of 'defendants' authorized to remove a case under Section 1441(a)

does not include third-party defendants.").  Hence, the court concludes that the

Fund may not remove this case under § 1441(a) and must instead rely on § 1441(c).

A majority of federal courts have likewise concluded that a third-party

defendant may not remove a state case to federal court under § 1441(c) for various

reasons.  See, e.g., Sterling Homes, Inc., 816 F. Supp. at 320-27 (following the

"majority rule among courts" that third-party defendants may not remove under § 1441(c) because the Third Circuit has not resolved the issue, only one circuit court has ruled that a third-party defendant could remove, and there exists a presumption against removal in ambiguous cases); <u>FirstBank Puerto Rico</u>, 466 F. Supp. 2d at 620-21 (disallowing a third-party defendant to remove under § 1441(c) because, looking at § 1441 as a whole, the only reference to a party who may remove is found in § 1441(a), which limits removal to the original defendant); <u>First Nat'l Bank of Pulaski</u>, 301 F.3d at 463-65 (applying a narrow reading of "joined" and holding that § 1441(c) refers to multiple claims brought by the same party, not to other claims brought by other parties); <u>see also</u> <u>Lewis v. Windsor Door Co.</u>, 926 F.2d 729 (8th Cir. 1991); <u>Thomas v. Shelton</u>, 740 F.2d 478 (7th Cir. 1984).[7]  The minority of federal courts that have permitted removal by a third-party defendant generally have reasoned that a third-party defendant is more analogous to an original defendant than a plaintiff and "ha[s] never voluntarily submitted itself to the jurisdiction of the state court."  <u>Patient Care, Inc. v. Freeman</u>, 755 F. Supp. 644, 649

---

[7]  Leading commentators have embraced the majority view.  <u>See</u> 14C Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> § 3724, at 40 (3d ed. 1998) ("The majority of the rather considerable number of cases decided by the courts . . . have concluded that a third-party defendant . . . is not entitled to remove the case [under § 1441(c)] . . . ."); <u>id.</u> § 3731, at 253-54 ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court . . . ."); 16 <u>Moore's Federal Practice</u> § 107.11(1)(b)(iv), at 107-35 (Matthew Bender 3d ed. 2007) ("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.").

(D.N.J. 1991) (quoting <u>Ford Motor Credit Co., Inc. v. Aaron-Lincoln Mercury, Inc.</u>,

563 F. Supp. 1108, 1113 (N.D. Ill. 1983)); <u>see also</u> <u>Hackensack Univ. Med. Ctr. v.</u>

<u>Lago</u>, Civ. A. No. 06-CV-687, 2006 WL 3246582, at   *3-6 (D.N.J. Nov. 3, 2006); <u>Carl</u>

<u>Heck Engineers, Inc. v. Lafourche Parish Police Jury</u>, 622 F.2d 133, 135-36 (5th Cir.

1980).  In the instant matter, the court need not decide this unsettled issue[8] because,

as discussed <u>infra</u>, the Fund cannot satisfy the "separate and independent"

requirement of § 1441(c) and therefore cannot remove the case to federal court.

## B.   Separate and Independent Claim

Assuming *arguendo* that a third-party defendant may effect removal, the

court finds that the Fund has not raised a separate and independent claim.  <u>See</u> 28

U.S.C. § 1441(c); <u>see also</u> <u>Hosp. of the Univ. of Pa. v. Bryant</u>, No. Civ. A. 01-CV-4853,

2002 WL 257852, at *2 (E.D. Pa. Feb. 22, 2002).[9]  In interpreting the "separate and

independent" requirement under § 1441(c), the United States Supreme Court held

that "where there is a single wrong to plaintiff, for which relief is sought, arising

---

[8]  The court notes that in <u>Cook v. Wikler</u>, 320 F.3d 431, 436 n.6 (3d Cir. 2003),
the Third Circuit favorably discussed third-party removal under § 1441 in *gratis
dictum*.

[9]  The facts of <u>Bryant</u> are strikingly similar to the case at bar.  In <u>Bryant</u>, the
plaintiff hospital sued defendant Bryant for failure to pay medical expenses.  <u>See</u>
<u>Bryant</u>, 2002 WL 257852, at *1.  Bryant then joined third-party defendant Aetna,
alleging that under state law Aetna breached its duty to pay Bryant's medical bills.
<u>Id.</u>  Aetna removed the case to federal court based on ERISA preemption.  <u>Id.</u>  The
Eastern District of Pennsylvania, *sua sponte*, remanded the case back to state court,
finding that "a third-party defendant cannot remove a state action to federal court
based on defense of ERISA preemption where the third-party claim for
indemnification is not 'separate and independent' from plaintiff's state claims."  <u>Id.</u>
at *2 (citations omitted).

from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." <u>Am. Fire & Cas. Co. v. Finn</u>, 341 U.S. 6, 14 (1951). Similarly, federal courts have held: "Where recovery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not separate and independent within the meaning of § 1441(c)." <u>Bryant</u>, 2002 WL 257852, at *2 (quoting <u>Ford Motor Credit Co.</u>, 563 F. Supp. at 1111). Accordingly, removal is proper in the case *sub judice* only if the Grinnages' joinder claims against the Fund are not dependent on the Medical Center's claim against the Grinnages and do not arise from the same "interlocked series of transactions."

The Fund contends that the claims alleged in the Grinnages' joinder complaint are separate and independent because "said claims would have been removable to federal court if sued upon alone." (Doc. 7 at 3.) More specifically, the Fund argues that ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), completely preempts the Grinnages' claims against the Fund and that those claims do not arise from the same "interlocked series of transactions" as the Medical Center's claims in the original complaint. (<u>See</u> Doc. 7 at 3-7.) The majority of federal courts that have decided the instant issue have held that a third-party defendant cannot remove a state action to federal court based on the defense of ERISA preemption where the third-party claim for indemnification is not separate and independent from the plaintiff's original state claims. <u>See</u> <u>Bryant</u>, 2002 WL 257852, at *2, and cases cited therein; <u>see also</u> <u>Hackensack Univ. Med. Ctr.</u>, 2006 WL

3246582, at *4 ( "[C]ourts have . . . held that a beneficiary's third-party ERISA claim against an insurer to indemnify against a possible judgment in a suit to recover medical expenses from the beneficiary is not 'separate and independent' from the main cause of action and as a result not proper for removal." (internal quotations and citations omitted)).

In the matter *sub judice*, the court finds that the Grinnages' joinder complaint against the Fund amounts to a claim for indemnification and is not separate and independent from the Medical Center's underlying claim for unpaid medical bills. The Fund argues that the Grinnages' joinder complaint is not an indemnification claim, but rather a claim regarding eligibility and entitlement to benefits under the Fund Plan.  (See Doc. 7 at 6-8.)  Generally, a claim for indemnity is a claim that "should the defendant (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment."  Hackensack Univ. Med. Ctr., 2006 WL 3246582, at *4 (quoting First Nat'l Bank of Pulaski, 301 F.3d at 465).  Here, the Grinnages' claim against the Fund is an indemnification claim because it is wholly dependent on the unpaid medical bills allegedly owed to the Medical Center.  If a court determines that the Grinnages are not liable to the Medical Center, the Grinnages' joinder complaint against the Fund is moot.  See Bryant, 2002 WL 257852, at *2; (see also Doc. 1-2, Ex. B ¶ 20(f) (the Grinnages were compelled to file the joinder complaint against the Fund "to recover amounts due")).  Furthermore, both the Medical Center's claim

against the Grinnages and the Grinnages' joinder claim against the Fund arise from

the same "interlocked series of transactions."  All of the claims relate to the Medical

Center's failure to receive payment for the services provided to Donna Grinnage,

with the Medical Center seeking payment from the Grinnages and the Grinnages

seeking payment from the Fund.[10]  Accordingly, the Grinnages' joinder claims

against the Fund are not "separate and independent" from the Medical Center's

claim and removal to federal court was improper.

### C.    <u>Retaining Jurisdiction Over the ERISA Claims</u>

The Fund also argues that the court should retain jurisdiction over the

ERISA claims asserted in the Grinnages' joinder complaint even if the court

---

[10]  In a case with similar facts, the Northern District of Illinois came to the identical conclusion as this court, reasoning:

> [T]he ERISA claim in this case is not separate and independent from the non-removable claims.  All of the claims relate to the University [hospital]'s failure to receive compensation for the services it rendered to . . . [defendant] Rivers.  The University blames Rivers, who in turn blames . . . the third-party defendants.  Although the claims may be "separate" and involve different legal causes of action and different wrongs in a narrow sense, all of the claims are interrelated.

<u>Univ. of Chicago Hosp. & Med. Ctr. v. Rivers</u>, 701 F. Supp. 647, 649 (N.D. Ill. 1988).

remands the Medical Center's claim to state court.[11]  (See Doc. 7 at 8); see also 28

U.S.C. § 1441(c) (when a case is removed to federal court, "the district court may

determine all issues therein, or, in its discretion, may remand all matters in which

state law predominates").  An ERISA plan "is established if from the surrounding

circumstances a reasonable person can ascertain the intended benefits, a class of

beneficiaries, the source of financing, and procedures for receiving benefits."

Deibler v. United Food & Commercial Workers' Local Union 23, 973 F.2d 206, 209

(3d Cir. 1992) (citation omitted).

In the instant matter, the record as presented in the state court clearly

reveals an ERISA plan.  (See Doc. 1; Doc. 2 at 5.)  The existence of an ERISA plan,

however, does not require that this court retain jurisdiction over the ERISA claims.

Claims brought by ERISA plan beneficiaries pursuant to ERISA's civil enforcement

provision, 29 U.S.C. § 1132(a)(1)(B), may be initiated in either federal court or state

court.  See 29 U.S.C. § 1132(e)(1) ("State courts of competent jurisdiction and

district courts of the United States shall have concurrent jurisdiction of actions

under [§ 1132(a)(1)(B)] . . . .").  In addition, the Third Circuit has held that "removal

statutes are to be strictly construed against removal and all doubts should be

---

[11]  The court recognizes that ERISA's civil enforcement provision, 29 U.S.C.
§ 1132(a)(1)(B), "is one of those provisions with such 'extraordinary pre-emptive
power' that it 'converts an ordinary state common law complaint into one stating a
federal claim for purposes of the well-pleaded complaint rule.'" Aetna Health Inc. v.
Davila, 542 U.S. 200, 209 (2004) (quoting Metropolitan Life Ins. Co. v. Taylor, 481
U.S. 58, 65-66 (1987)).  As discussed infra, however, the provision provides
concurrent state and federal jurisdiction and the court will remand the entire
matter to state court.

resolved in favor of remand." <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).  The Lebanon County Court of Common Pleas has express statutory authority to adjudicate all of the claims asserted within the present matter, therefore the court will remand this matter to state court for disposition.

**III.**   <u>**Conclusion**</u>

For the foregoing reasons, the court will remand the above-captioned matter to the Lebanon County Court of Common Pleas.  An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        November 20, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MILTON S. HERSHEY MEDICAL CENTER, : : | CIVIL ACTION NO. 1:07-CV-0539 |
| : | (Judge Conner) |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| JEFFREY GRINNAGE, et al., : | |
| : | |
| Defendants/Third-Party Plaintiffs : | |
| : | |
| v. : | |
| : | |
| JOSEPH J. SALOMEWICZ, in his : | |
| capacity as Administrator for the : | |
| Central Pennsylvania Teamsters : | |
| Health and Welfare Fund, : | |
| : | |
| Third-Party Defendant : | |

## ORDER

AND NOW, this 20th day of November, 2007, upon consideration of plaintiff's

motion (Doc. 4) to remand the above-captioned action to the Court of Common

Pleas of Lebanon County, and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.    The motion to remand (Doc. 4) is GRANTED.

2.    The above-captioned case is REMANDED to the Court of Common
      Pleas of Lebanon County. See 28 U.S.C. § 1447(c).

3.    The Clerk of Court is directed to CLOSE this case.

　S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge